THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE PEREZ, Appellant.—Appeal by the defendant, as limited by his motion, from two amended sentences of the Supreme Court, Richmond County (Felig, J.), both imposed July 12, 1988, upon adjudicating him to be in violation of probation, upon his plea of guilty, the sentences being concurrent indeterminate terms of 2 to 6 years' imprisonment on the underlying convictions of criminal possession of stolen property in the third degree under Schenectady County superior court information No. 77/87 and assault in the second degree under Schenectady County superior court information No. 78/ 87.

Ordered that the amended sentence imposed under Schenectady County superior court information No. 78/87 is reversed, the plea of guilty to a charge of violation of probation thereunder is vacated and that charge of violation is dismissed; and it is further,

Ordered that the amended sentence imposed under Schenectady County superior court information 77/87 is affirmed.

In January 1988 the defendant was sentenced to six months' imprisonment to run concurrently with and as a condition of

a term of five years' probation following his conviction of criminal possession of stolen property in the third degree under Schenectady County superior court information No. 77/87 and to a concurrent term of eight months' imprisonment following his conviction of assault in the second degree under Schenectady County superior court information No. 78/87. In May 1988 the defendant was charged with having violated the terms and conditions of probation by having been rearrested on two separate occasions. After a negotiated plea, the defendant was sentenced to concurrent terms of 2 to 6 years on his original convictions. The People concede that the sentence imposed on the original conviction of assault in the second degree must be vacated as the defendant was originally sentenced to a definite term of eight months' imprisonment and was not subject to resentencing. As to the 2-to-6-year term imposed upon the original conviction of criminal possession of stolen property in the third degree, we perceive no basis for concluding that the sentence requires modification in the interest of justice, particularly in view of the fact that the defendant was rearrested the first time less than two months after the probationary term was imposed and pleaded guilty knowing that he faced a potential maximum term of 2⅓ years to 7 years' imprisonment (see, Penal Law § 70.00 [2] [d]; [3] [b]). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.